UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YAMILY JIMENEZ,

    Plaintiff,

v.                                                 CASE NO. 8:16-cv-1059-T-23AAS

TRIDENT ASSET MANAGEMENT,
L.L.C.,

    Defendant.
_____/

## ORDER

Yamily Jimenez purportedly owed Verizon $1,803.60.[1] Orion Portfolio Services, LLC, acquired the debt and instructed Trident Asset Management, L.L.C., to collect. (Doc. 22 at 4, ¶ 1) Alleging that Trident "made . . . false representation[s] in an attempt to collect a debt," Jimenez sues (Doc. 2) Trident under the Fair Debt Collection Practices Act ("FDCPA") and under the Florida Consumer Collection Practices Act ("FCCPA"). Trident moves (Doc. 22) for summary judgment.

## BACKGROUND

Upon Orion's acquiring the debt, Verizon furnished Orion with Jimenez's name; address; social security number; an "open date" of December 10, 2012; a "charge off date" of August 22, 2013; and a "date of first delinquency" of

---

[1] Jimenez disputes owing the debt. (Doc. 2 at 3, ¶ 14)

August 22, 2013 — information that Trident incorporated into its electronic record, Portfolio Information Management Service ("PIMS"). (Doc. 22 at 4) Trident, who reports debts to "all" credit reporting agencies using the name "Trident Asset Management, LLC,"[2] claims to "ha[ve] no control" over how a credit reporting agency displays or reports information disseminated by Trident. (Doc. 22-1 at 3, ¶ 13, 14)

Using the information stored in PIMS, Trident on October 16, 2015, reported Jimenez's account to Experian, Equifax, and TransUnion. (Doc. 22-1 at 3, ¶ 17) Relying on the information provided by Orion, Trident entered August 22, 2013 as the first day of delinquency. (Doc. 22-1 at 3, ¶ 18) On February 10, 2016, Experian, Equifax, and TransUnion notified Trident that Jimenez disputed the debt. (Doc. 22-1 at 3, ¶ 19) To all credit reporting agencies Trident reported the debt as disputed. (Doc. 22-1 at 3, ¶ 19) On May 28, 2016, Trident "deleted" its "tradeline regarding plaintiff's debt with all [credit reporting agencies]." (Doc. 22-1 at 4, ¶ 20)

## DISCUSSION

**False misrepresentation**

To succeed under the FDCPA, Jimenez must prove that Trident "use[d] false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Jimenez alleges that in attempting to collect the debt Trident "made . . . false representation[s]" by reporting a false name

---

[2] "Trident Asset Management, LLC," is incorporated in Georgia.

- 2 -

to Experian and by reporting a false first day of delinquency to Equifax and Experian.³ (Doc. 2 at 5) Trident argues (1) that Jimenez fails to establish that Trident reported a false name to Experian; (2) that, if Trident reported a false name, the communication is not actionable; (3) that no evidence supports Jimenez's allegation that Trident reported an incorrect first day of delinquency; and (4) that "any [mis]representation was not material, a prerequisite for recovery under the FDCPA's prohibition on false statements." (Doc. 22 at 2)

**Trident's identity**

Trident reports to credit reporting agencies as "Trident Asset Management, LLC," and claims to lack control over the manner in which Experian identifies a creditor on a credit report. (Doc. 22-1 at 3, ¶¶ 13, 14) Jimenez states that Experian listed "TRIDENTASSET.COM" on Jimenez's credit report and argues that Trident is strictly liable for Experian's failing to utilize Trident's "actual" name. (Doc. 23 at 8)

Jimenez fails to demonstrate that Trident reported a false name to Experian. But even if Trident reported a false name, a communication is actionable under the FDCPA only if the communication is capable of misleading the "least sophisticated consumer." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010);

---

³ Jimenez asserts that "[d]ue to Trident reporting the false [date of first delinquency] for the debt, the debt will remain on Ms. Jimenez's report for longer than seven years, in violation of the FCRA . . . Because Trident reported a false [date of first delinquency], everyone who views Ms. Jimenez's credit reports would believe she defaulted on the debt more recently than she actually had." (Doc. 2 at 4, ¶¶ 29–30)

- 3 -

*Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 740 (7th Cir. 2004) (Kanne, J.) (holding that "the FDCPA's focus is not on whether the name used by the creditor is permitted by law, but on whether the name used results in the debtor's deception in terms of what entity is trying to collect his debt."). Experian's listing of "TRIDENTASSET.COM" as opposed to "Trident Asset Management, LLC," would not confuse the least sophisticated consumer into believing that these are separate entities.[4]

**Date of first delinquency**

Jimenez attaches as exhibits to the complaint (1) an Equifax "credit file" that details a debt of $1,803 reported by Verizon and a "date of first delinquency" in February 2013 (Doc. 2, Exhibit B) and (2) an Equifax "credit file" that details a debt of $1,804 reported by Trident Asset Management and a "date of first delinquency" in August 2013 (Doc. 2, Exhibit E). Jimenez argues that Trident falsely reported the date of first delinquency because the two dates of first delinquency differ.[5]

---

[4] Also, "tridentasset.com is a website belonging to Trident, which lists Trident's name and the same address listed by credit reporting agencies . . . ." (Doc. 22-1 at 3, ¶ 15)

[5] Jimenez argues—without merit—that the Experian "online personal credit report" (Doc. 2, Exhibit C) demonstrates Trident's falsely reporting the date of first delinquency. Exhibit C, an Experian "online credit report" that mentions Verizon as the creditor, fails to mention the first day of delinquency but states that "this account is scheduled to continue on record until Nov. 2019." Exhibit D, a later Experian credit report, fails to mention the first day of delinquency but states that the debt is "on record until May 2020." (Doc. 2 at 3, 4, ¶¶ 17–22, 28–29)

Jimenez argues that the discrepancy between these two dates is due to Trident's misrepresenting the first day of delinquency to Experian. But Trident never informed the credit reporting agencies of the account's removal date. (Doc. 22 at 9) Nor are the dates false because "the account could have been reported until August 2020; the statement that it could remain on her credit report until May 2020" is correct. (Doc. 22 at 9)

- 4 -

(Doc. 2 at 3) Trident responds (1) that Trident reported the day of first delinquency as stated on Orion's records, (2) that Trident never knowingly misrepresented the date, and (3) that Jimenez "cannot rely on her own statement that her credit report purportedly shows that Verizon reported the date of first delinquency as February 2013 . . . as her declaration is . . . hearsay." (Doc. 22 at 8) Jimenez argues that the first day of delinquency is a disputed question of material fact and that the Equifax credit report is admissible.

Whether Trident misrepresented the first day of delinquency is a disputed question of material fact. But even if Jimenez could prove that Trident misrepresented the date of first delinquency, Jimenez must demonstrate that Trident's misrepresentation materially misled Jimenez. *Miljkovic v. Shafritz & Dinkin, P.A.*, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014) (Covington, J.), *aff'd on other grounds*, 791 F.3d 1291 (11th Cir. 2015).[6] To materially mislead, a statement must "influence a consumer's decision or ability to pay or challenge a debt." *Miljkovic*, 2014 WL 3587550, at 8*. But Jimenez fails to proffer any evidence that Trident's

---

[6] "Several courts have held that the least-sophisticated-consumer standard also encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:11–cv–1111 SRU, 2012 WL 4372251 (D. Conn. Sept. 24, 2012) (Underhill, J.). *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) ("Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in "false representations" must rest on material misrepresentations."); *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) ("[A] statement must be materially false or misleading to violate Section 1692e."); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("[F]alse but nonmaterial representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under § 1692e."); *Hahn v. Triumph P'ships*, 557 F.3d 755, 757–58 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.").

alleged misrepresentation "influence[d]" her ability to pay or to challenge the debt; with no apparent impediment, Jimenez disputed the debt with the credit reporting agencies, and just over three months later, Trident "deleted" Jimenez's tradeline. (Doc. 22-1 at 4, ¶¶ 19, 20)

**Count I**

Jimenez alleges a violation of 15 U.S.C. §§ 1692(e), 1692e(2)(a), 1692e(5), 1692e(8), 1692e(10), and 1692f.

### Section 1692e(2)(a)

Section 1692e(2)(a) prohibits "the false representation of . . . the character, amount, or legal status of any debt; or . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." Jimenez alleges that Trident violated Section 1692e(2)(a) because Trident "made false representations about the character of a debt by reporting a false [first day of delinquency] . . . to Equifax and Experian, suggesting that the alleged delinquency was more recent than it actually was." (Doc. 2 at 5, ¶ 39) For the foregoing reasons, Jimenez fails to prove that Trident falsely represented the character of a debt.

### Section 1692e(5)

Section 1692e(5) prohibits a debt collector's "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." Jimenez alleges that Trident violated Section 1692e(5) because Trident "threaten[ed] to take legal action which cannot legally be taken by reporting a false [first day of delinquency] to . . .

Equifax and Experian which will lead to the debt remaining on Ms. Jimenez's credit report longer than permitted by [Section] 1681c(a)(4)." (Doc. 2 at 6, ¶ 42) The only communication at issue is Trident's reporting of the debt to the credit reporting agencies. Jimenez fails to proffer any proof demonstrating Trident's threatening to "take any action that cannot legally be taken or that is not intended to be taken."

**Section 1692e(8)**

Section 1692e(8) prohibits a debt collector's "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Jimenez alleges that Trident violated Section 1692e(8) "in that Trident communicated credit information known to be inaccurate by: 1) reporting a false [first day of delinquency] . . . to . . . Equifax and Experian; and 2) reporting a false name to Experian." (Doc. 2 at 5, ¶ 40) For the foregoing reasons, Jimenez fails to prove that Trident "[c]ommunicat[ed] . . . credit information which is known or which should be known to be false."

**Section 1692e(10)**

Section 1692e(10) prohibits a debt collector's "us[ing] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Jimenez alleges that Trident violated Section 1692e(10) because Trident "made a false representation in an attempt to collect a debt by: 1) reporting a false [first day of delinquency] for the debt to . . . Equifax and Experian;

and 2) reporting a false name to Experian." (Doc. 2 at 5, ¶ 37)  For the foregoing reasons, Jimenez fails to prove that Trident "use[d] false representation . . . in [an] attempt to collect [the] debt."

**Section 1692f**

Under Section 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section[]." Jimenez alleges that "trident used unfair means to collect a debt by reporting a false [first day of delinquency] for the debt to Equifax and Experian, unfairly impacting Ms. Jimenez's credit score." (Doc. 2, ¶ 41)  Apart from Jimenez's failing to identify under which subsection she sues, Jimenez fails to prove (1) that Trident reported a false first day of delinquency and (2) that Trident's alleged conduct impacted Jimenez's credit score.

**Count II**

Jimenez alleges that Trident violated Section 559.72(9), Florida Statutes, by "knowingly assert[ing] a legal right when the right did not exist by reporting a false [first day of delinquency] to . . . Equifax and Experian, knowing the false reporting would lead to the debt remaining on . . . Jimenez's credit report longer than permitted by" the FDCPA.[7]  (Doc. 2, ¶ 46)  Trident argues that Jimenez's FCCPA

---

[7] Section 559.72(9) prohibits a debt collector's "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist."

claim, based solely on allegedly inaccurate reporting, is preempted by the Fair Credit Reporting Act ("FCRA").

Under 15 U.S.C. § 1681t(b)(1)(F), "No requirement or prohibition may be imposed under the laws of any State . . . (1) with respect to any subject matter regulated under [] (F) Section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies."[8] District courts in Florida "consistently hold" that Section 1681t(b)(1)(F) preempts an FCCPA claim "to the extent that the challenged debt-collection activity is based on furnishing inaccurate information to" a credit reporting agency. *Stanley Arnold v. Capital One Services, LLC*, No. 8:17-cv-1416-T-33AEP, 2017 WL 4355625 at *2 (M.D. Fla. October 2, 2017) (Covington, J.).[9]

Jimenez argues that she "complains not merely of the form of misrepresenting information to the" consumer reporting agencies, "but also to the implicit affirmative statement made by [Trident] that it had the right to make false reports and instruct the" consumer reporting agencies "to violate the FCRA by reporting the information

---

[8] Section 1681s-2 lists the "responsibilities of furnishers of information to consumer reporting agencies" and obligates "furnishers of information" to provide accurate information to "consumer reporting agencies."

[9] *See Green v. Chase Bankcard Servs., Inc.*, No. 8:16-CV-3252-T-33AAS, 2017 WL 1135314, at *5 (M.D. Fla. Mar. 25, 2017) (Covington, J.); *Bank of Am., N.A. v. Zaskey*, No. 9:15-CV-81325, 2016 WL 4991223, at *10 (S.D. Fla. Sept. 19, 2016) (Rosenberg, J.); *Frye v. Capital One Auto Fin.*, No. 1:15–cv–20530, 2015 WL 3540445, at *1–2 (S.D. Fla. June 3, 2015) (King, J.); *Arianas v. LVNV Funding LLC*, No. 8:14-cv-01531-T-27EAJ, 2015 WL 404238, at *5 (M.D. Fla. Jan. 8, 2015) (Whittemore, J.); *Davidson v. Capital One, N.A.*, No. 14–20478–CIV, 2014 WL 3767677, at *2 (S.D. Fla. July 31, 2014) (Altonaga, J.); *Osborne v. Vericrest Fin., Inc.*, No. 8:11-CV-716-T-30TBM, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011) (Moody, J.).

for longer than permitted by the FCRA itself." (Doc. 23 at 7)  But Jimenez's FCCPA claim is based on Jimenez's allegation that Trident reported a false first day of delinquency to Equifax and Experian, and because federal law preempts state law to the extent that Jimenez's FCCPA claim is premised on credit reporting activity, the FCRA preempts Jimenez's FCCPA claim.

## CONCLUSION

Trident's motion (Doc. 22) for summary judgment is **GRANTED**.  The clerk is directed (1) to enter judgment in favor of Trident and against Jimenez, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 31, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE